254

STATE ex rel. RAY W. STODDARD, Relator, v. DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT of the State of Montana, in and for the County of Missoula, Respondent.

No. 10180.

Submitted September 19, 1960. Decided October 21, 1960.

356 P. 2d 42.

Donald A. Paddock, Missoula, represented and orally argued for relator.

Smith, Boone & Rimel, Missoula, represented respondent. Russell Smith argued orally for respondent.

MR. CHIEF JUSTICE HARRISON:

This is an original proceeding seeking a writ of prohibition.

On August 5, 1960, relator filed in this court his petition which was heard ex parte on that date and an alternative writ was issued. From the petition it appeared that relator was divorced on January 17, 1956, and pursuant to an agreement entered into between the parties to that action the wife was to receive the family home, the sum of $100 per month for the

care of the two minor children of the parties, and the care and custody of the children. Thereafter, upon application of the relator on September 12, 1958, an order was made by the district court modifying the decree of divorce to provide that the father relator should have the custody of the children one week during the Christmas holidays and during two periods of the summer school vacation. On June 30, 1960, the former wife of relator petitioned the court to modify the decree and a hearing was thereafter held. On July 28, 1960, an order was entered by the court setting aside the modifications of the divorce decree contained in the order of September 12, 1958, and restoring the original decree of January 17, 1956, in full force and effect.

It further appeared from the petition that during 1959 while the children were in the custody of relator during the summer vacation period they were obtained by the mother and not returned until the court sent the sheriff to get the children. In the year 1960 summer vacation period the mother requested relator to delay the commencement of his period of custody for ten days which he did. The petition for modification was then filed by the mother as before related. The second period of custody during the summer vacation under the modification order was to commence on August 1 and terminate on August 15. It was represented to the court that relator desired to take his children on a vacation trip and since his visitation period would expire on August 15 this court issued the alternative writ and provided for the immediate delivery of the children to the relator, since, if the court were to fix a reasonable return day, the period of visitation would have expired before the matter could be heard.

Upon the return day respondent filed a motion to quash.

It appears that relator seeks to have this court determine questions of fact without presenting a record of the proceedings had in the court below. This we may not do.

The motion to quash is granted and the writ discharged.

256

MR. JUSTICES BOTTOMLY, ADAIR and CASTLES concur.

MR. JUSTICE ANGSTMAN, concurring in result only.

I would affirm the order of the district court on its merits. It should be noted that the application of the mother, filed on June 30, 1960, to change the order which allowed the father custody for approximately two months of the year simply sought to eliminate the divided custody since the father had moved from Kalispell to Missoula where the mother of the children resides, and where he can visit them at will and there is thus no further need for divided custody. I think the court had discretion to eliminate the divided custody as it did under the showing alleged by the mother and that the order should be affirmed.